Troy L. Isaacson, Esq., NV Bar No. 6690
MADDOX ISAACSON & CISNEROS, LLP
11920 Southern Highlands Parkway, Suite 100
Las Vegas, Nevada 89141
Telephone: (702) 366-1900
Facsimile: (702) 366-1999

Ryan L. Isenberg
Georgia Bar No. 384899
Isenberg & Hewitt, P.C.
6600 Peachtree Dunwoody Road
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400 (Voice)
770-828-0100 (Fax)
ryan@isenberg-hewitt.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN SOUZA, | CIVIL ACTION FILE |
| PETITIONER, | NO. 2:17-cv-001924 |
| V. | |
| ELEVATE, INC. | |
| RESPONDENT. | |

**ORDER GRANTING PETITION FOR CUSTODIANSHIP**

This matter comes before the Court on John Souza's Petition for Custodianship of Elevate, Inc., a Nevada Corporation, pursuant to NRS § 78.347, or in the alternative for an Inspection of Corporate Records. The Court conducted a hearing on September 5, 2017. Having considered the Verified Petition, Declaration of John Souza, having received evidence, and having heard argument from Counsel, for the reasons that follow, the Court GRANTS the petition and Orders that John Souza ("Souza") is appointed Custodian of Elevate, Inc. ("Elevate").

<u>Findings of Fact</u>

Elevate was served with the Summons and Petition in this Matter. The commercial registered agent attempted to notify Elevate to no avail. At the hearing on the Petition,

Souza demonstrated that, through counsel, he attempted to communicate with the former CEO, Wright Thurston, by and through Elevate's counsel in pending Utah litigation and through another shareholder, but received no response. The evidence adduced at the hearing demonstrates that all three of the officers and directors of Elevate, according the information on file with the Nevada Secretary of State, had resigned from Elevate no later than September 2016. Elevate's business license expired in February 2016, and no filing of the annual list of officers or directors, which was due by February 29, 2016, was made.

According to the Verified Petition, Elevate ceased business operations shortly after four of the company's key employees went to work for a competitor in or around October 2015. The Petition further shows that Souza is the owner of just over 4 Million shares of Elevate stock, which was corroborated by a written consent of the then current, but now resigned directors.

Conclusions of Law

Accordingly, the Court finds that pursuant to NRS § 78.347(1)(b), Elevate has abandoned its business and has failed within a reasonable time to take steps to dissolve, liquidate or distribute its assets in accordance with this chapter. Under this statute, Souza, as a shareholder, has standing to petition the Court to appoint a custodian. Souza seeks to have himself appointed as custodian, and by way of his Verified Petition and Declaration, has satisfied the requirements of subsection NRS § 78.347(2).

**ORDER**

Souza is hereby appointed by this Court as Custodian of Elevate. Pursuant to NRS § 78.347(6), Souza has all the powers and title of a trustee appointed under NRS §§ 78.590, 78.635 and 78.650. In light of the evidence that Elevate has pending litigation against its former employees, Souza, as Custodian, is specifically authorized to take such action as he deems necessary to investigate and direct those matters, and obtain any and all of the company's corporate and financial records to investigate whether any claims exist against any other party.

Souza, as Custodian, is further ORDERED to:

(a) take the necessary steps to reinstate Elevate into compliance as required under NRS § 78.180, and must file proof thereof with the Court, and;

(b) after obtaining the information from Elevate, provide reasonable notice to all shareholders of record of a shareholder meeting to be held within a reasonable time after an application for custodianship or receivership has been granted, and file proof thereof, and;

(c) provide the Court with a report of the actions taken at the shareholder meeting noticed by the custodian, and;

(d) provide the Court with quarterly reports of the activities of the custodian and the board of directors and the progress of the corporation.

The Court will retain jurisdiction over the case to ensure compliance with the statutory requirements, and as may be necessary to aid the Custodian in his efforts under this Order. The Alternative Petition for an Inspection of Records is DENIED as MOOT.

IT IS SO ORDERED this 19th day of September, 2017.

_____
Hon. Jennifer A. Dorsey
United States District Judge